ANNIE McARTHUR vs. ALEXANDER M. CRAIGIE, Adm'r, etc.

January 27, 1876.

Question Ordered to be Tried by Jury—Harmless Error in Terms of Question.— A question submitted to a jury under the provisions of Gen. St. ch. 66, § 199, considered. Held, 1. That if the question was in terms too broad, and involved a question of law, no actual prejudice could have resulted to the defendant from the submission under the circumstances of this case.

Same—Error in Question Cured by Express Consent of Parties to the Order.—2. That, as the question was submitted with the express consent of both parties

upon the trial below, no objection to it for irregularity or defect of form or substance, which did not make the verdict absolutely null for its failure to determine the material and substantial question of fact involved, should be regarded.

**Charge of Court—Expression of Opinion as to Weight of Certain Evidence.—** In its charge the court instructed the jury that certain facts, if proved, would "raise a strong presumption" that plaintiff was the child of a certain person, and, again, that certain facts, if proved, would "raise a strong presumption" that plaintiff was the legitimate child of such person, a presumption which could "only be overcome by strong and convincing proof." *Held,* that the expressions quoted, taken in the connection in which they occur, and as used by the court below, are, in effect, equivalent to the expressions, "are strong evidence," or "evidence of great weight," and that in this construction they are unobjectionable in this case.

Appeal by defendant from an order of the district court for Otter Tail county, *Stearns,* J., presiding, refusing a new trial.

*Bigelow, Flandrau & Clark,* for appellant.

*Chas. D. Kerr, Knute Nelson,* and *Reynolds & Ball,* for respondent.

BERRY, J.[1]  Application was made to the probate court of Otter Tail county, by Alexander M. Craigie, for his appointment as administrator of the estate of his brother, James G. Craigie, deceased. The application was resisted by Annie McArthur, who claimed to be the daughter and sole heir of the deceased; but, upon a hearing, said Alexander was appointed administrator, and letters ordered to be issued to him upon giving the requisite bond. From the order of appointment Annie McArthur appealed to the district court on questions of law and fact. The case having been called for trial in the district court, " a jury was duly sworn to try the following issue made up by the court, * * * to wit: Is Annie McArthur, the appellant in this action, the legitimate child of James G. Craigie, deceased?" The record states that the court instructed the jury, by consent of the parties in open court, that if they found for Annie McArthur they should answer the foregoing question, Yes, and if for Alexander M. Craigie, No. The jury brought

[1] Gilfillan, C. J., did not sit in this case.

in a verdict answering the question submitted, Yes. From an order denying a new trial said Alexander appeals to this court.

In this court it is contended on behalf of Alexander M. Craigie that the issue submitted to the jury was improperly made up. The submission was made under Gen. St. ch. 66, § 199, by the provisions of which the parties may consent, or the court may order, " that the whole issue, or any specific question of fact involved therein, be tried by a jury." There were no pleadings in the case, but the controversy was as to whether Annie McArthur was the next of kin of James G. Craigie, and therefore entitled to administer upon his estate. There was no dispute as to the fact that she was the daughter of Margaret Craigie, and that after her birth said Margaret became the lawful wife of James G. Craigie, and there was no claim or pretence that she was born in lawful wedlock, or that she had been made the heir of James G. Craigie by an acknowledgment in writing, under the provisions of Gen. St. ch. 46, § 2. Practically, and in fact, the controversy was then narrowed down to the question whether Annie McArthur was the child of James G. Craigie. If she was his child, it followed necessarily, upon the undisputed facts in the case, that she was his legitimate child, since, by Gen. St. ch. 61, § 17, " illegitimate children are legitimatized by the subsequent marriage of their parents with each other." Practically, then, the real and only question left to, and determined by, the jury was the pure question of fact, whether Annie McArthur was the child of James G. Craigie. If the question submitted to the jury was in terms broader than this, and involved a question of law, no actual prejudice can have resulted.

It is, besides, to be observed that this issue or question was submitted to the jury, not only without objection, but with the express consent of both parties upon the trial below. Under such circumstances no objection to the issue for

irregularity, or for defect of form or substance, which does not make the verdict absolutely *null* for its failure to determine the material and substantial question of fact involved, should be regarded.

It is further contended by the appellant that the verdict is against the evidence. Without recapitulating the testimony reported in the case, it is only necessary to say upon this point that there was testimony *pro* and *con.* upon the issue submitted, and not only some, but a great amount of pointed and cogent, testimony tending to sustain the verdict of the jury. The fact that there was also strong testimony against the verdict does not authorize us to interfere with the action of the jury.

It was claimed by the appellant upon the trial below that one Falkner was the father of Annie McArthur, and there was some evidence in the case tending to support this claim. The court, in charging the jury, made the following remark: " Considerable has been said about one Falkner, but, as I remember, a very little evidence given about him." So far as we can discover, this statement is literally true. The quantity of the evidence relating to Falkner was certainly small; as to its importance, the court does not appear to have expressed any opinion. Besides this, the court spoke only of its own recollection in the matter, while it charged the jury as follows: " You must rely upon your own recollection as to what evidence has been given, and not upon the recollection of the court or attorneys." It is further proper to be observed that, as appears from the record, the appellant simply " duly excepted." As the court had not undertaken to make a positive statement of fact, but to state its remembrance only, if counsel thought this remembrance was at fault, the better course would have been to call the attention of the court particularly to those portions of the testimony which, in his opinion, the court had overlooked or forgotten.

The court further charged the jury as follows: " If the jury believe. from the evidence that the plaintiff Annie was

begotten in Scotland; that James G. Craigie and the mother lived at the time in the same neighborhood; that the mother shortly after came over to Canada, and gave birth to the child; that shortly afterwards James G. Craigie came also to Canada, and settled in the same neighborhood with the plaintiff's mother, and within two or three years after the child's birth married the mother, and always afterwards, until his death, brought plaintiff up as his child, calling her by his own name, introducing her as his daughter, and treating her in all respects as his legitimate child, this raises a strong presumption that the plaintiff is the child of James G. Craigie, deceased.

"The writing of plaintiff's name by her reputed father, James G. Craigie, in books given to her by him, as 'Annie Craigie,' and the signing himself, in letters written to her, as 'your affectionate father,' raise a presumption that the plaintiff was his child. The marrying of the mother shortly after plaintiff's birth, the receiving of the plaintiff at that time into his own family as his own child, the treatment of plaintiff as his daughter from that time on to his death, the acknowledgment and assertion, in terms, that she was his child, and would inherit his property, the writing of her name in books as Annie Craigie, and the writing of letters to her, signed 'your affectionate father,' if done by the reputed father, raise a strong presumption that the person so treated is his legitimate child, and such presumption can only be overcome by strong and convincing proof."

These portions of the charge were excepted to by the counsel for Alexander M. Craigie. In the connection in which they occur, and as used by the court below, the expressions, "raise a presumption," "raise a strong presumption," and "raise a strong presumption, and such presumption can only be overcome by strong and convincing proof," are, in effect, equivalent to the expressions, "are strong evidence," or "evidence of great weight," and in this construction of them the expressions and the instruc-

tions in which they occur are entirely unobjectionable. If the matters recited and referred to by the court in these instructions were found by the jury to be facts, they certainly made out a very strong case in favor of the proposition that Annie McArthur was the child of James G. Craigie, a case which could only be overcome by strong evidence to the contrary—evidence strong enough to produce a contrary conviction in the minds of a reasonable jury.

Order affirmed.